FILED
U.S. DISTRICT COURT
DIV.
2011 FEB 16 AM 10: 33
CLERK R aus
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ANTHONY RENARD BROWN,

    Plaintiff,

vs.

DR. OWENS; Correctional Officer WOODS; Nurse McELROY; Medical Director JOHNS; Warden DONALD JACKSON; Warden DANNY BENNETT; and Warden JOEL KNOWLES,

    Defendants.

CIVIL ACTION NO.: CV510-117

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F. 3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F. 3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts various claims against different staff members at D. Ray James Correctional Facility that occurred between August 4, 2009 and November 19, 2009. Plaintiff complains that in August Dr. Owens stopped prescribing Benadryl for Plaintiff's itching. Plaintiff claims the staff at D. Ray James were conspiring against him. He states that Defendant Woods wrestled him to the ground and took away his mattress in September. Plaintiff also states that in September he was "denied medical services," and was given a retaliatory disciplinary report. Plaintiff states that in October he was moved into a two-man cell even though he did not want to be placed in one. He states that the food started making him sick and that there was no cold water in his cell during

the month of October. Plaintiff states that he became sick before a bus transfer to Jackson State Prison in November, but that he was not treated until he arrived. On January 4, 2011, this Court entered an order directing Plaintiff to advice the Court which claims against which Defendants he wished to pursue in this action. (Doc. No. 11). Plaintiff responded to that order with a Motion to Amend Complaint, stating that he only wants to pursue grounds of deliberate indifference against Dr. Owens and "all defendants that are relevant."

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Supreme Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976), forbidding prison officials from "acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner." Farmer, 511 U.S. at 836. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Plaintiff has made no showing that Defendants knew of and disregarded an excessive risk to Plaintiff's health and safety. Even taken as entirely true, Plaintiff's allegations fail to rise to the level of deliberate indifference necessary to establish a violation of Defendant's Eighth Amendment right to be free from cruel and unusual punishment.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a cognizable claim under § 1983.

**SO REPORTED** and **RECOMMENDED**, this 16th day of February, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE